UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN J. KURAN,

        Plaintiff,

vs.

Case No. 1:13-cv-523

Hon. Janet T. Neff

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's motion for award of attorney fees pursuant to the 42 U.S.C. § 406(b) (docket no. 11). The motion is unopposed.

**I.     Background**

Plaintiff filed this action appealing the Commissioner's decision regarding benefits on May 10, 2013. *See* Compl. (docket no. 1). In a judgment entered on September 3, 2013, the Court reversed and remanded the Commissioner's decision pursuant to sentence six of 42 U.S.C. § 405(g). *See* Judgment (docket no. 10). The Social Security Administration ("SSA") issued a document entitled "Important Information" (referred by plaintiff as the "Award Sheet") dated October 8, 2014, which appears to be the only document issued by the SSA evidencing a Notice of Award in this case. *See* Award Sheet (docket no. 11-1). This document states that plaintiff "did not get SSI money for February 2011 through August 2014," that plaintiff "will soon receive a check for $49,686.67 because we had withheld money from your benefits," and that of this amount, the SSA withheld $16,562.23, identified as 25% of past due benefits "in case we need to pay your

representative." *Id.* at PageID.30. The Award Sheet does not explicitly state the total amount of past due benefits. However, based on the amount withheld, the amount of past-due benefits appears to be $66,248.92.

On November 6, 2014, pursuant to 42 U.S.C. § 406(a), plaintiff's counsel, Attorney Rinck, requested a fee of $12,168.75 from the SSA for work performed at the administrative level. *See* Fee Petition (docket no. 11-2 at PageID.35). On November 14, 2016, pursuant to 42 U.S.C. § 406(b), Attorney Rinck filed the present motion requesting fees for work performed in this Court. He did not request a specific fee amount, but pointed out that the SSA had not ruled on his request for fees for work performed at the administrative level. *See* Motion at PageID.23-25. On April 6, 2015, Attorney Rinck submitted a letter from the SSA directed to him which stated in pertinent part, "[y]ou are authorized to charge and collect a fee in the amount of $10,000.00 for services provided to the claimant and auxiliaries, if any, for proceedings before the Social Security Administration." *See* Authorization (April 6, 2015) (docket no. 12-1, PageID.46). While this fee was authorized, there is no record of when Attorney Rinck received payment. In a supplement to the motion, Attorney Rinck made a fee request in the amount of $2,168.75 for his work performed before this Court. *See* Supplement (docket no. 12). The Court entered an order pointing out that the motion did not comply with W.D. Mich. LCivR 54.2(b)(iv)(C). *See* Order (docket no. 15). Attorney Rinck filed a response to cure the deficiency. *See* Response (docket no. 16). This matter is now before the Court for review.

## II.     Discussion

Plaintiff's motion seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b) for work done before this Court.  Attorney fee awards in social security cases brought in this Court are authorized under 42 U.S.C. § 406(b)(1)(A), which provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this title [42 U.S.C. § 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

An attorney fee award is appropriate under § 406(b)(1)(A) when a court remands a case to the Commissioner for further proceedings and the Commissioner subsequently awards the claimant past-due benefits.  *Bergen v. Commissioner of Social Security*, 454 F.3d 1273 (11th Cir. 2006).  The statutory limit on attorney fees arose, in part, as a response to the inordinately large fees charged by attorneys, which sometimes consisted of one-third to one-half of the claimant's past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 804 (2002). While the SSA typically withholds 25% of the past-due benefits for payment of attorney fees, separate attorney fee awards are made under § 406 for work performed before the administrative agency and for work performed in the Federal Court. *See Horenstein v. Secretary of Health and Human Services*, 35 F.3d 261, 262 (6th Cir. 1994) (concluding that under  42 U.S.C. §§ 406(a) and 406(b), "each tribunal may award fees only for the work done before it").

As an initial matter, plaintiff did not file this motion within 35 days after the date shown on the Notice of Award as required by W.D. Mich. LCivR 54.2 which provides:

> The time to file a motion for fees expires 35 days after the commencement date calculated under subparagraph (i) above [i.e., "the date shown on the face of the Notice of Award issued by the Social Security Administration"].  Any motion filed after this 35-day deadline will be considered only by a specific showing of excusable neglect by plaintiff's attorney.

3

As previously discussed, plaintiff is treating the "Award Sheet" as the Notice of Award. In this instance, it appears that the Award Sheet contains the necessary information to process plaintiff's fee request. The record reflects that plaintiff filed this motion 37 days after the date of the Award Sheet. In his motion, Attorney Rinck stated that he did not receive the Award Sheet until October 22, 2014, that he was not named on the Award Sheet, and that he had to request a copy of it. *See* Motion at PageID.23-24. He filed the present motion about three weeks later on November 14, 2014. Based on these representations and the documents of record, Attorney Rinck has demonstrated excusable neglect. Accordingly, the Court should consider his motion.

Attorney Rinck submitted two contingent fee agreements in which plaintiff agreed to pay him a fee of 25% of the past due benefits resulting from his claim. *See* Contingent Fee Agreements (docket no. 11-2 at PageID. 39, 41-43). In evaluating fees under § 406(b), there is "a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 419 (6th Cir. 1990).

With respect to the first consideration, there is no suggestion that Attorney Rinck engaged in improper conduct or was ineffective. On the contrary, he secured a favorable result for his client. With respect to the second consideration, the Court must consider whether the requested fee will result in an undeserved windfall to counsel.

> [A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a

4

>   multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Id.* at 422 (footnotes omitted). "In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Id.*

Here, Attorney Rinck's time sheet reflects that he spent a total of 32.45 hours working on this matter. However, this included time spent working at both the administrative level and the federal court appeal. *See* Itemized Statement of Time (docket no. 11, PageID.27-29). Based upon these time sheets, plaintiff commenced work in the federal court case on May 10, 2013, when he prepared and filed the complaint, and ended his work on September 4, 2013, when he received the "Notice regarding filing of Judgment." As discussed, the SSA withheld $16,56.23 for payment of attorney fees and Attorney Rinck was authorized $10,000.00 of that amount for work performed at the administrative level. While Attorney Rinck could have requested fees for the remaining withheld past-due benefits of $6,562.23, he limited his request to $2,168.75. Using the latter figure, Attorney Rinck expended 5.15 hours on the federal court case, which results in a hypothetical hourly rate of $ 421.12. *Id.* Counsel has requested an hourly rate of $375.00, but has not provided any evidence to support charging this rate. *See* Motion at PageID.25-26. The Court has considered an hourly rate of $175.00 as reasonable in Social Security Appeals. This rate establishes a *Hayes* "floor" of $350.00 per hour. Attorney Rinck's hypothetical hourly rate of $ 421.12 is above that floor. However, given the result obtained by Attorney Rinck in this case, including the fact that he minimized the time spent on this matter by persuading the government to stipulate to a sentence-six remand prior to filing an initial brief, the undersigned concludes that the requested fee of $2,168.75 is reasonable under § 406(b)(1)(A).

### III. Recommendation

Accordingly, I respectfully recommend that plaintiff's motion for award of attorney fees in the amount of **$2,168.75** (docket no. 11) be **GRANTED**.


Dated: April 1, 2016 /s/ Ray Kent
RAY KENT
United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).